IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:04CR42/LAC
3:05CV292/LAC/MD

JON MERRITT

**REPORT AND RECOMMENDATION**

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 32). The government has filed a response (doc. 35) and the defendant has not filed a reply, despite having been afforded the opportunity to do so.[1] The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in a two count indictment with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine, and possession with intent to distribute 5 grams or more of cocaine base on a date certain.

---

[1] On November 8, 2005, the court received a letter from the defendant indicating that he had not received a copy of the government's response. The court entered an order directing the government to serve another copy of the response on the defendant, and affording him until December 16, 2005 to reply, if he chose to do so.

(Doc. 13). On May 10, 2004, the government filed a notice of enhancement, indicating that the defendant was subject to enhanced penalties due to his nine prior controlled substance offenses.[2] (Doc. 21). On May 14, 2004, represented by appointed counsel Clinton Couch, defendant entered a plea of guilty pursuant to a written plea and cooperation agreement. (Doc. 24). The plea agreement stated in pertinent part that defendant faced a mandatory life sentence under count one, and a sentence of ten years to life on count two, (doc. 24 at 2), although it left open the possibility that defendant could be rewarded for providing substantial assistance. (Doc. 24 at 7).

In the PSR, the probation officer held defendant accountable for 902.4 grams of cocaine base, which equated to a base offense level of 36. He received a three-level downward adjustment for acceptance of responsibility, for a total offense level of 33. With a criminal history category of VI, the applicable guidelines range was 235 to 293 months.

At sentencing, counsel objected to the quantity of drugs attributed to the defendant. The court sustained the objection, and amended the PSR to show defendant accountable for 714.6 grams of cocaine base, which did not alter the offense level. Defendant was sentenced to a term of life imprisonment on count one and 264 months custody on count two, to run concurrent. He was also fined $500.00, in addition to the $200.00 special monetary assessment. He did not appeal.

In the present motion, defendant raises four grounds for relief. Liberally construed, he contends that his sentence exceeded the statutory maximum, that the indictment did not support each element of the enhancement, that he received ineffective assistance of counsel, and that he did not receive notice of which prior convictions were going to be used against him. The government opposes the motion in its entirety. With its response, it has submitted the affidavit of appointed counsel Clinton Couch, which, due to defendant's lack of response, is uncontroverted.

---

[2] Remarkably, although defendant had nine prior offenses, the only prison time he actually served was a stint of less than 18 months in state prison.

*Case No: 3:04cr42/LAC*

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

As his first ground for relief, defendant maintains that his sentence exceeds the statutory maximum. This assertion is frivolous as even without the enhancement, a life sentence was a possible outcome for the charges in count one of the indictment under title 21 U.S.C. § 841(b)(1)(A). Defendant also maintains that he never received a notice of 851 enhancement and as such should not have received a life sentence. This assertion is likewise frivolous, if not perjurious. As noted above, the plea agreement signed by him sets forth the possible penalties he faced, and mentions that it was an "enhanced" sentence. Furthermore, counsel states in his affidavit that immediately upon receipt of the

government's notice of enhancement, he forwarded a copy to his client. (Doc. 35, exh. 3 at 1). Counsel also states that he explained the legal effect of the enhancement and went over the plea and cooperation agreement, which incorporated the enhancement, with his client, and that both documents were the subject of discussion at the plea proceeding. (Doc. 35, exh. 3 at 2).

Defendant's second ground for relief appears to be that the indictment itself should have contained notice of the facts that would result in the enhancement. Although the **mandatory** nature of the life sentence the defendant faced was not set forth in the indictment, it was clear that defendant faced a potential life sentence because of the citation to title 21 U.S.C. § 841(b)(1)(A). Counsel speculates in his affidavit that defendant attempts to invoke *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Clearly, *Apprendi* is inapplicable to the defendant's case, as defendant chose to plead guilty rather than have a jury trial, and the "facts" resulting in enhancement were only regarding prior convictions.

Defendant's third ground for relief is that his attorney was constitutionally ineffective because he "never made [defendant] aware" of any enhancements. Again, this argument is rebutted by the text of the plea agreement where the penalties defendant faced are expressly set forth, as well as counsel's sworn assertion that he discussed the notice of enhancement with his client.

Defendant further asserts as part of ground three that counsel would not file "any or no appeals" for him. If a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)). Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated

appeal. *Id.* Counsel states in his uncontroverted affidavit that defendant never mentioned an appeal, and that counsel had no reason to anticipate an appeal because defendant's plea was knowing and voluntary and his sentence was lawful. (Doc. 35, exh. 3 at 3). The court cannot find from defendant's vague and conclusory assertion that he specifically requested that counsel file an appeal, such that he would be entitled to relief.

In cases where a defendant has not specifically instructed his counsel to file a notice of appeal, a *per se* prejudice rule does not apply, rather, a defendant must demonstrate a reasonable probability exists that, but for counsel's deficient performance, he would have timely appealed. *Flores-Ortega*, 120 S.Ct. at 1038, 1040. In this case, there is no evidence that defendant would have timely appealed, but for counsel's alleged failure. "Evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 1039. Here, defendant's position weakens even further. The only objection made by the defense was sustained, the defendant faced a mandatory life sentence based on the fact that he had not received a 5K1, and as noted by counsel in his affidavit, "there were simply no known issues requiring appellate review." (Doc. 35, exh. 3 at 3). Hence, defendant is not entitled to relief.

Defendant's fourth ground for relief is that the government did not state which prior convictions it was using against him. In fact, the notice of enhancement set forth **nine** prior controlled substance convictions, identified by date of conviction, case number and offense. The statute requires only **two** such prior convictions for the mandatory life provision to be applicable. 21 U.S.C. § 841(b)(1)(A). Counsel states in his unrebutted affidavit that he went over the notice with his client and asked if there were any reason to challenge any of the listed convictions. Defendant stated that there was not. There is no basis for this ground for relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 32)  be DENIED.

At Pensacola, Florida, this 18th day of January, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:04cr42/LAC*